IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES MCADAMS, and<br>JO ANN MCADAMS,<br><br>    Plaintiffs,<br><br>vs.<br><br>SHINDONG INDUSTRIAL CO. LTD.,<br><br>    Defendant. | Cause No: 3:18-cv-02199<br><br>Removed from Jersey County, IL<br>(Case No. 18-L-20)<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Shindong Industrial Co. Ltd. ("Defendant"), by and through its undersigned counsel, hereby gives notice of removal of Case No. 18-L-20 in the Circuit Court for the Seventh Judicial Circuit, Jersey County, Illinois, to the United States District Court for the Southern District of Illinois. In support of this Notice of Removal, Defendant states as follows:

## THE STATE COURT ACTION

1.  On or about August 17, 2018, Plaintiffs James and Jo Ann McAdams brought a civil action in the Circuit Court for the Seventh Judicial Circuit, Jersey County, Illinois, styled as *James McAdams, et al. v. Shindong Industrial Co. Ltd.,* Case No. 18-L-20. A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2.  Plaintiffs served summons and a copy of the Complaint on Defendant on or after November 22, 2018. See Complaint and return of service, attached hereto as **Exhibit 1,** pursuant to 28 U.S.C. § 1446(a). There are no other documents in the state court file. Under 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty days of service of the Complaint on Defendant and within one year of the commencement of the action.

3. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. The Action may be removed pursuant to 28 U.S.C. § 1441 because (i) removal is timely, (ii) there is complete diversity of citizenship between Plaintiffs and Defendant pursuant to 28 U.S.C. § 1332(c)(1), (iii) this case satisfies the amount in controversy requirement set forth in 28 U.S.C. § 1332(a), and (iv) this Court is the proper venue.

4. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs' counsel, and a copy is being filed with the Circuit Court for the Seventh Judicial Circuit, Jersey County, Illinois.

5. If any question arises regarding the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief in support of its position that this case is removable.

## DIVERSITY JURISDICTION EXISTS

6. There is complete diversity between Plaintiffs and Defendant.

7. This suit is an action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one that may be removed to this Court under the provisions of 28 U.S.C. §§ 1441 and 1446.

8. Plaintiff James McAdams is a citizen of Illinois. *See* Compl. at ¶ 1. Plaintiff Jo Ann McAdams is a citizen of Illinois. *Id*. at ¶ 2.

9. Defendant is a citizen of South Korea. *Id*. at ¶ 6.

## THE AMOUNT IN CONTROVERSY IS SATISFIED

10. The Complaint alleges that, in August 2016, Plaintiff James McAdams was operating a Kioti tractor fitted with a Kioti Quick Attach Plate that was "part of a loader and bucket fitted onto the Kioti tractor and was manufactured by Defendant[.]" Compl. at ¶¶ 7-9. Plaintiff James McAdams raised a grapple attached by the Kioti Quick Attach Plate by extending the

tractor's front end hydraulic arms. The Complaint further alleges that "when the front end hydraulic arms of the tractor were fully extended into the air the . . . grapple detached from the Quick Attach Plate and fell upon Plaintiff." *Id*. at ¶¶ 14-15.

11. The Complaint alleges that "Plaintiff suffered injuries to his head, neck, and body including, but not limited to, physical, neurological, psychological damages as a result of being struck by the . . . grapple when it detached from the . . . Quick Attach Plate." *Id*. at ¶ 16.

12. The Complaint also alleges that Plaintiff James McAdams "was and will be hindered and prevented from attending to his usual and customary affairs, duties and occupation and has lost and will in the future lose the value of that time. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer disability and be prevented from attending to the ordinary affairs of life due to his injuries." *Id*. at Count I ¶ 19.

13. The Complaint contains four counts related to the alleged incident—Count I (Product Liability), Count II (Negligence), Count III (Loss of Consortium-Products Liability), and Count IV (Loss of Consortium- Negligence). In the Complaint, Plaintiffs seek compensatory damages in excess of fifty thousand dollars and attorney's fees. *See* Compl., at "WHEREFORE" paragraphs.

14. The Complaint is extremely sparse on alleged facts, failing to identify any of the alleged costs of Plaintiff James McAdams's medical bills or lost wages. However, upon information and belief, Plaintiff's physician has recommended spinal surgery and Plaintiff is claiming traumatic brain injury. Also on information and belief, Plaintiff has not returned to work since the August 18, 2016 incident. Plaintiff's medical bills, to date, exceed $100,000 and he has yet to have the spinal surgery. Plaintiff James McAdams claims that his injuries are severe and permanent. *Id*. at ¶ 17.

15. As the United States Supreme Court has held, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (U.S. 2014). See also, *Demery v. Tran*, 2018 WL 5631266, at *1 (S.D. Ill. 2018). Because Plaintiffs are seeking compensatory damages for severe and permanent injuries, loss of past and future wages, and pain and suffering, it is clear that the amount in controversy exceeds $75,000.00. See, *e.g.*, *Rising–Moore v. Red Roof Inns, Inc*., 435 F.3d 813, 815 (7th Cir. 2006) (noting in dicta that even where medical expenses and lost wages amounted to only $45,000, "a modest allowance for pain, suffering, and future losses ... brings the total over the threshold"); *Andrews v. E.I. Du Pont De Nemours and Co*., 447 F. 3d 510, 515 (7th Cir. 2006) (holding a defendant "show[ed] by a preponderance of the evidence that the amount in controversy requirement was met at the time of removal" when the plaintiff did not allege a specific amount but "that he suffered 'severe and permanent" injuries to his head, ribs, and back. He also sought damages for pain and suffering, past and future lost wages, past and future medical expenses, and for disabilities suffered.").

16. A defendant who wishes to remove a case to federal court cannot "wait for discovery responses that simply confirm what was obvious from the face of the complaint; in such cases, defendants are not insulated from a remand to state court." *McCoy by Webb v. General Motors Corp.*, 226 F. Supp.2d 939, 941 (N.D. Ill. 2002). It is not the law that "cases are not removable until there has been an absolute affirmation via discovery ... that more than $75,000 [is] in issue." *Id*. Instead, "courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount . . ." *Id*.

17. The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case even though Plaintiffs have not made a specific demand in the complaint because, "by the preponderance of the evidence," it is clear "that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(b); *see also* 28 U.S.C. § 1332(a).

## PROPRIETY OF REMOVAL

18. For the foregoing reasons, this Court has jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1), and this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

19. The Circuit Court of Jersey County, where this action was originally brought, is located within the United States District Court for the Southern District of Illinois. *See* 28 U.S.C. § 93(c). Therefore, the action is properly removed to this Court in this district pursuant to 28 U.S.C. § 1441(a).

20. Finally, Defendant is the only named defendant in this matter. While Plaintiffs have consolidated this matter for discovery purposes with a similar previously-filed case (in which Defendant is not a party), this case has a separate case number and remains separate for all motions and other matters outside of discovery. See *Ellis v. AAR Parts Trading. Inc.,* 357 Ill. App. 3d 723, 730-31 (1st Dist. 2005) (two actions arising out of the same mass tort were consolidated for discovery purposes only, and otherwise remained completely separate cases); *Nationwide Mutual Insurance Co. v. Filos*, 285 Ill.App.3d 528, 532 (1996) (holding consolidation for discovery was done only for convenience and economy; the consolidation did not merge the causes into a single suit, or change the rights of the parties, or make those who were parties in one suit parties to another).

21. Defendant reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant respectfully requests that this Court assume full jurisdiction over this action as if Plaintiffs had originally commenced this action with this Court.

Dated: December 20, 2018                    Respectfully submitted,

**HEPLERBROOM LLC**

By: /s/ Matthew B. Champlin
    Matthew B. Champlin, #6282642
    Kathryn L. Modeer, #6317303
    130 N. Main Street
    P.O. Box 510
    Edwardsville, IL 62025
    (618) 656-0184
    (618) 656-1364 - Facsimile
    mbc@heplerbroom.com
    km2@heplerbroom.com
    *Attorneys for Defendant Shindong Industrial Co. Ltd.,*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 20th day of December, 2018, a true and correct copy of the foregoing document was served upon the following via the Court's electronic notification system, via electronic mail, and/or U.S. mail:

Jane Unsell
Erin M. Phillips
Unsell, Schattnik & Phillips P.C.
3 South 6th St.
Wood River, IL 62095
618-258-1800
Erin.phillips7@gmail.com
*Attorneys for Plaintiff*

    /s/ Matthew B. Champlin