*Jersey County, Ill. 2018-L-20*

## REQUEST
### FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS
*DEMANDE*

940

*AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ÉTRANGER*
*D'UN ACTE JUDICIARE OU EXTRAJUDICIAIRE*

**Convention on the service abroad of judicial and extrajudicial documents in civil or
commercial matters, signed at The Hague, November 15, 1965.**
*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciares en matière civile
ou commerciale, signée à La Haye, le 15 Novembre 1965.*

| **Identity and address of the applicant**<br>*Identité et adresse du requérant* | **Address of receiving authority**<br>*Adresse de l'autorité destinataire* |
|---|---|
| Aaron D. Lukken, Attorney<br>Viking Advocates, LLC<br>6525 Charlotte Street<br>Kansas City, Missouri 64131  USA<br>lukken@vikinglaw.us<br>Tel. +1.816.200.1383 | National Court Administration<br>Attn.: Director of International Affairs<br>Seocho-daero 219<br>Seocho-gu<br>SEOUL 06590<br>Republic of Korea |

**The undersigned applicant has the honour to transmit -in duplicate- the document listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.,**
**(identity and address)**
*Le requérant soussigné a l'honneur de faire parvenir en double exemplaire à l'autorité destinataire les documents ci-dessous énumérés, en la priant conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, savoir:*

*(identité et adresse)*
**Shindong Industrial Co., Ltd.**
신동공업 주식회사
**Gonbuk-ro 82, Gonyang-myeon, Sacheon-si
Gyeongsangnam-do 52504, Korea**
(우편번호 52504) 대한민국 경상남도 사천시 곤양면 곤북로 82

→ **(a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.\***
*(a) selon les formes légales (article 5, alinéa premier, lettre a).*

☐ **(b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)\*:**
*(b) selon la forme particulière suivante (article 5, alinéa premier, lettre b) :* _____

☐ **(c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)\*:**
*(c) le cas échéant, par remise simple (article 5, alinéa 2).*

**The authority is requested to return or to have returned to the applicant a copy of the documents and of the annexes\*--with a certificate as provided on the reverse side.**
*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte—et de ses annexes—avec l'attestation figurant au verso.*

**THE PERSONS AND ENTITIES WITHIN THE UNITED STATES COMPETENT TO FORWARD SERVICE REQUESTS PURSUANT TO ARTICLE 3 INCLUDE ANY COURT OFFICIAL; ANY ATTORNEY; OR ANY OTHER PERSON OR ENTITY AUTHORIZED BY THE RULES OF THE COURT. (See U.S. declarations to the 1965 Convention at the Hague Conference website: http://www.hcch.net/index_en.php?act=authorities.details&aid=279)**

**List of documents**
*Enumération des pièces*

Hague Service Convention Notice

Summary of the Document to Be Served

Summons

Complaint

Done at <u>Kansas City, Missouri, USA,</u> the <u>29th October 2018</u>
*Fait à* _____ *, le* _____
**Signature and/or stamp.**
*Signature et/ou cachet.*

**\*Delete if inappropriate**
*Rayer les mentions inutiles.*

*Jersey County, Ill. 2018-L-20*

## CERTIFICATE
## ATTESTATION

The undersigned authority has the honour to certify, in conformity with Article 6 of the Convention,
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

1. that the document has been served*/*que la demande a été exécutée**

     – the (date) / *le (date)*: _____
     – at (place, street, number)/ *à (localité, rue, numéro)*: _____

– in one of the following methods authorized by Article 5/*dans une des formes suivantes prévues à l'article 5* :

☐     a) in accordance with the provisions of sub-paragraph a) of the first paragraph of Article 5 of the Convention*/
        *selon les formes légales (article 5, alinéa premier, lettre a)**

☐     b) in accordance with the following particular method*/*selon la forme particulière suivante** :

     _____

☐     c) by delivery to the addressee, if he accepts it voluntarily*/*par remise simple**

The documents referred to in the request have been delivered to/*Les documents mentionnés dans la demande ont été remis à* :
     Identity and description of person/ *Identité et qualité de la personne*:

     _____

     Relationship to the addressee (family, business or other)/Liens de parenté, de subordination ou autres, avec le destinataire de l'acte :

     _____

2. that the document has not been served, by reason of the following facts*/
     *que la demande n'a pas été exécutée, en raison des faits suivants**:

     _____

☐   In conformity with the second paragraph of Article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*/ *Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint**.

### Annexes / Annexes

Documents returned/Pièces renvoyées: _____

In appropriate cases, documents establishing the service/ Le cas échéant, les documents justificatifs de l'exécution :

     _____

Done at / *Fait à*    _____          Signature and/or stamp/ *Signature et / ou cachet*

The / *le*     _____          _____

\* if appropriate / *s'il y a lieu*

*Jersey County, Ill. 2018-L-20*

## SUMMARY OF THE DOCUMENT TO BE SERVED
*ELEMENTS ESSENTIELS DE L'ACTE*

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial
matters, signed at The Hague, November 15, 1965.

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires et extrajudiciares*
*en matière civile ou commerciale, signée à La Haye, le 15 Novembre 1965.*

**(article 5, fourth paragraph)**
*(article 5, alinéa 4)*

| | |
|---|---|
| **Name and address of the requesting authority:** | Aaron D. Lukken, Attorney |
| | Viking Advocates, LLC |
| *Nom et adresse de l'autorité requérante :* | 6525 Charlotte Street |
| | Kansas City, Missouri, USA |
| | lukken@vikinglaw.us   Tel. +1.816.200.1383 |

**Particulars of the parties\*:**
*Identité des parties :*   James and Jo Ann McAdamas, *Plaintiffs*      Shindong Industrial Co. Ltd., *Defendant*

## JUDICIAL DOCUMENT\*\*
*ACTE JUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte :*   To make the defendant aware of a claim against it and to demand its appearance at court.

**Nature and purpose of the proceedings and, where appropriate, the amount in dispute:**
*Nature et objet de l'instance, le cas échéant, le montant du litige :*
A civil action has been commenced against the Defendant. The plaintiffs allege
injuries caused by the defendant's negligence, and seek damages.

**Date and place for entering appearance\*\*:**
*Date et lieu de la comparution :*   Within 30 days from service the defendant must file an answer and appearance in the Circuit Court of the
Seventh Judicial Circuit for Jersey County, 201 West Pearl Street, Jerseyville, Illinois 60252.

**Time limits stated in the document\*\*:**
*Indication des délais figurant dans l'acte:*   30 days

*No court has issued a judgment.*

---

\*   If appropriate, identity and address of the person interested in the transmission of the document.
*S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte.*

\*\* Delete if inappropriate.
*Rayer les mentions inutiles.*

*Jersey County, Ill.  2018-L-20*

**NOTICE**

*(recommended by the Fourteenth Session of*
*Hague Conference of October, 1980)*

**identité et adresse du destinataire**
*identity and address of the addressee*

| |
|---|
| **Shindong Industrial Co., Ltd.**<br>신동공업 주식회사<br>**Gonbuk-ro 82, Gonyang-myeon, Sacheon-si**<br>**Gyeongsangnam-do 52504, Korea**<br>(우편번호 52504) 대한민국 경상남도 사천시 곤양면 곤북로 82<br>*(Or wherever the defendant may be found)* |

**IMPORTANT**

THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE "SUMMARY OF THE DOCUMENT TO BE SERVED" WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD, HOWEVER, READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.

IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.

ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:

| |
|---|
| **Land of Lincoln Legal Assistance**<br>310 Easton Street<br>Alton, IL 62002<br>Tel. +1 (618) 462-0029 |

**TRÈS IMPORTANT**

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES "ELÉMENTS ESSENTIELS DE L'ACTE" VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE SOIT DANS VOTRE PAYS SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES :

| |
|---|
| **Land of Lincoln Legal Assistance**<br>310 Easton Street<br>Alton, IL 62002<br>Tel. +1 (618) 462-0029 |

IN THE CIRCUIT COURT
SEVENTH JUDICIAL DISTRICT
JERSEY COUNTY, ILLINOIS


JAMES McADAMS, ET AL      )
                            )
      PLAINTIFF,       )
                            )
VS.                       )    No: 18-L-2𝟭
                            )    Consolidated With
DAEDONG INDUSTRIAL CO., LTD )    No: 17-L-20
d/b/a KIOTI TRACTOR DIVISION,   )
                            )
      DEFENDANTS.      )

### ALIAS SUMMONS

DEFENDANT:  SHINDONG INDUSTRIAL CO. LTD
                  R/A: Gonbuk-ro 82, Gonyang-myeon, Sacheon-si
                  Gyeongsangnam-do 52504, Korea


       You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Jersey County Circuit Clerk, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in the complaint.

    E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit: https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit: http://www.illinoiscourts.gov/FAQ/gethelp.asp or talk with your local circuit clerk's office.

                                    10/11/2018

_Charles E. Huber_



(Plaintiffs attorney or plaintiff if he is not represented by an attorney)
Jane Unsell, #03124410
Unsell, Schattnik & Phillips, P.C.
3 S. 6th Street
Wood River, IL 62095
(618) 258-1800
janeunsell@gmail.com


Date of Service: _ _ _ _     _ _ _    , 20

FILED
8/17/2018 11:00 AM
CHARLES E. HUEBENER
CLERK OF THE CIRCUIT COURT
JERSEY COUNTY, ILLINOIS

IN THE CIRCUIT COURT
SEVENTH JUDICIAL DISTRICT
JERSEY COUNTY, ILLINOIS

| | |
|---|---|
| JAMES McADAMS and<br>JO ANN McADAMS,<br><br>    Plaintiffs,<br><br>vs.<br><br>SHINDONG INDUSTRIAL CO., LTD.<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 18-L-<br>)<br>)<br>)<br>) |

2018L20

### COMPLAINT

### FACTS COMMON TO ALL COUNTS

Comes now the Plaintiffs, JAMES McADAMS and JO ANN McADAMS, by and through their attorneys Jane Unsell and Erin M. Phillips of the law firm Unsell, Schattnik, & Phillips, P.C., and state as follows:

1.  Plaintiff, James McAdams, resides in Kane, Greene County, Illinois.

2.  Plaintiff, Jo Ann McAdams, resides in Kane, Greene County, Illinois.

3.  At all times mentioned herein, Plaintiff James McAdams was employed by KRAUSE AND SON, INC. d/b/a PRAIRIE LAND POWER located at 1101 W. Carpenter Street, Jerseyville, Jersey County, Illinois.

4.  At all times mentioned herein, KRAUSE AND SON, INC. d/b/a PRAIRIE LAND POWER was an corporation incorporated under the laws of the State of Illinois, with its principal place of

business in Jersey County, Illinois.

5.    At all times mentioned herein, DAEDONG-USA d/b/a KIOTI TRACTOR DIVISION was a corporation incorporated under the laws of the State of North Carolina.

6.    At all times mentioned herein, Defendant SHINDONG INDUSTRIAL CO., LTD was a South Korean company.

7.    On or about August 18, 2016, DAEDONG-USA d/b/a KIOTI TRACTOR DIVISION was engaged in the business of designing and manufacturing tractors, parts, and equipment and placed same for sale in Jersey County, Illinois at KRAUSE AND SON, INC., d/b/a PRAIRIE LAND POWER and other areas of Illinois.

8.    On or before August 18, 2016, DAEDONG-USA d/b/a KIOTI TRACTOR DIVISION, or its agents, supplied a Kioti Tractor, Model No. CK4010H H, Serial No. RR7000557 fitted with a Kioti Quick Attach Plate, Model No. KL4010, Item No. KL4010QA66, Serial No. SH60122133, to Plaintiff's employer, KRAUSE AND SON, INC. d/b/a PRAIRIE LAND POWER in Jerseyville, Illinois.

9.    The aforementioned Quick Attach Plate was part of a loader and bucket fitted onto the Kioti tractor and was manufactured by Defendant SHINDONG INDUSTRIAL CO., LTD.

10.   At all times mentioned herein, WORKSAVER, INC. was a corporation incorporated under the laws of the State of Illinois with a principal place of business located at 9 Worksaver Trail, Litchfield, Illinois.

11.   On or about August 18, 2016, WORKSAVER, INC. was
engaged in the business of designing and manufacturing tractor
parts and equipment in Litchfield, Illinois and placed same for
sale in Jersey County, Illinois at Prairieland Power and other
areas of Illinois.

12.   On or about August 18, 2016, WORKSAVER, INC. or its
agents, supplied a grapple attachment, Item No. 811090, Serial
No. 1608-09648, that was thereafter attached to the tractor by
the Kioti Quick Attach Plate.

13.   On or about August 18, 2016, Plaintiff James McAdams
was operating the aforementioned equipment consisting of the
Kioti tractor, Kioti Quick Attach Plate, ShinDong Industrial Co.,
Ltd's loader and bucket, and Worksaver's grapple in the course
and scope of his employment at the Prairie Land Power store in
Jersey County in preparation for delivery of the equipment to a
customer.

14. On or about August 18, 2016, Plaintiff was operating the
tractor with the grapple attached by the Kioti Quick Attach Plate
in the course of his employment at which time he raised the
grapple into the air by extending the tractor's front end
hydraulic arms.

15.   On or about August 18, 2016, when the front
end hydraulic arms of the tractor were fully extended into the
air the Worksaver grapple detached from the Quick Attach Plate

and fell upon Plaintiff.

16.   Plaintiff suffered injuries to his head, neck, and body including, but not limited to, physical, neurological, psychological damages as a result of being struck by the Worksaver grapple when it detached from the Kioti tractor and Kioti Quick Attach Plate.

## COUNT I
## PRODUCT LIABILITY

Comes now the Plaintiff, JAMES McADAMS, by and through his attorneys, Jane Unsell and Erin M. Phillips Of the law firm Unsell, Schattnik & Phillips, P.C. and for Count I of his complaint against Defendant SHINDONG INDUSTRIAL CO., LTD states that:

1-16.   Plaintiff hereby restates and incorporates paragraphs 1 through 16 of the Facts Common to All Counts as paragraphs 1 through 16 of Count I.

17.   At the above time and place, the combination loader and Quick Attach Plate were unreasonably dangerous or defective condition in one or more of the following respects:

a.   The combination loader and Quick Attach Plate were designed, manufactured and sold without an adequate latching system that did not allow for proper securing of equipment to the Quick Attach Plate which allowed for the improperly attached equipment to detach from the plate and fall upon Plaintiff.

b.   The Quick Attach Plate contained a latch that could not properly withstand normal exertion placed upon the quick attach plate during use of the equipment and tractor involved in this case which allowed the grapple

to dislodge and fall resulting in injures to Plaintiff.

c.   The Quick Attach Plate had insufficient safeguards to
     prevent a grapple or other attachment from detaching
     from the quick attach plate when the quick attach was
     fully extended which allowed the grapple to dislodge
     and fall upon Plaintiff.

d.   The Quick Attach Plate did not contain adequate
     warnings of such defects.

e.   Defendant and its agents failed to tell or warn
     Plaintiff the quick attach plate could fail to secure
     equipment such as a bucket, front-end loader or
     grapple.

18.   The combination loader and Quick Attach Plate
manufactured by SHINDONG INDUSTRIAL CO., LTD. were in this
unreasonably dangerous and defective condition at the time they
were provided to Plaintiff, JAMES McADAMS, in the course of his
employment.

19.   As a direct and proximate result of the unreasonably
dangerous or defective condition of the combination loader and
Quick Attach Plate provided by Defendant, SHINDONG INDUSTRIAL
CO., LTD., Plaintiff was injured when the grapple attached to the
tractor by the combination loader and Quick Attach Plate detached
from the Quick Attach Plate and fell upon Plaintiff causing him
to sustain severe and permanent injuries.  Plaintiff was and will
be hindered and prevented from attending to his usual and
customary affairs, duties and occupation, and has lost and will
in the future lose the value of that time.  Plaintiff also
suffered great pain and anguish, both in mind and body, and will

in the future continue to suffer disability and be prevented from attending to the ordinary affairs of life due to his injuries.

Wherefore, Plaintiff, JAMES McADAMS, prays for judgment against the Defendant, SHINDONG INDUSTRIAL CO., LTD., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs and such further relief as the Court deems proper and just.

## COUNT II
## NEGLIGENCE

Comes now the Plaintiff, JAMES McADAMS, by and through his attorneys Jane Unsell and Erin M. Phillips of the law firm Unsell, Schattnik, & Phillips, P.C., and for Count II of his complaint against Defendant SHINDONG INDUSTRIAL CO., LTD. states that:

1-16.    Plaintiff restates and incorporates by reference the allegations of Paragraphs Nos. 1 through 16 of this complaint as Paragraphs Nos. 1 through 16 of Count II as set forth fully herein.

15.    Defendant SHINDONG INDUSTRICAL CO., LTD. and its agents had a duty to manufacture an attachment device which would properly and safely secure heavy equipment such as buckets, front-end loaders, and grapples to Defendant's tractor during use.

16. Defendant SHINDONG INDUSTRIAL CO., LTD. and its agents not regarding their duty to Plaintiff and others, were negligent and careless in providing equipment that did not function

properly and safely when it provided an attachment device that
did not safely secure heavy equipment such as buckets, grapples
and front-end loaders to Defendant's tractor.

Plaintiff further alleges as to Defendant and its agents:

a.   The combination loader and Quick Attach Plate were
     designed, manufactured and sold without an adequate
     latching system that did not allow for proper securing
     of equipment to the Quick Attach Plate which allowed
     for the improperly attached equipment to detach from
     the plate and fall upon Plaintiff.

b.   The Quick Attach Plate contained a latch that could not
     properly withstand normal exertion placed upon the
     quick attach plate during use of the equipment and
     tractor involved in this case which allowed the grapple
     to dislodge and fall resulting in injures to Plaintiff.

c.   The Quick Attach Plate had insufficient safeguards to
     prevent a grapple or other attachment from detaching
     from the quick attach plate when the quick attach was
     fully extended which allowed the grapple to dislodge
     and fall upon Plaintiff.

d.   The Quick Attach Plate did not contain adequate
     warnings of such defects.

e.   Defendant and its agents failed to tell or warn
     Plaintiff the quick attach and or tractor could fail to
     secure equipment such as a bucket, front-end loader or
     grapple.

17.   As a direct and proximate result of Defendant SHINDONG

INDUSTRIAL CO., LTD. and its agents above negligent acts,

Plaintiff JAMES MCADAMS suffered injuries when the grapple

detached from the Quick Attach Plate and fell upon Plaintiff

causing him to sustain severe and permanent injuries.  Plaintiff

was and will be hindered and prevented from attending to his

usual and customary affairs, duties and occupation, and has lost

and will in the future lose the value of that time.  Plaintiff
also suffered great pain and anguish, both in mind and body, and
will in the future continue to suffer disability and be prevented
from attending to the ordinary affairs of life due to his
injuries.

Wherefore, Plaintiff, JAMES McADAMS, prays for judgment
against the Defendant, SHINDONG INDUSTRIAL CO., LTD., for an
amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), costs
and such further relief as the Court deems proper and just.

### COUNT III
### (Loss of Consortium - Products Liability)

Comes now the Plaintiff, JO ANN McADAMS, by and through her
attorneys, Jane Unsell and Erin M. Phillips of Unsell, Schattnik
& Phillips, P.C. and for Count III of the Complaint against the
Defendant, SHINDONG INDUSTRIAL CO., LTD., states that:

1-19.    The Plaintiff, JO ANN McADAMS, repeats and
realleges Paragraphs No. 1 through 19 of Count I as Paragraph No.
1 through 19 of Count III of her Complaint.

20.  As a proximate result of the foregoing, the
Plaintiff, JO ANN McADAMS, who was dependent on JAMES McADAMS for
companionship, lost the companionship of her husband, JAMES
McADAMS.

WHEREFORE, the Plaintiff, JO ANN McADAMS, demands judgment
in her favor and against the Defendant, SHINDONG INDUSTRIAL CO.,
LTD., in an amount in excess of FIFTY THOUSAND DOLLARS

($50,000.00) and for costs of suit.

## COUNT IV
### (Loss of Consortium - Negligence)

Comes now the Plaintiff, JO ANN McADAMS, by and through her attorneys, Jane Unsell and Erin M. Phillips of Unsell, Schattnik & Phillips, P.C. and for Count IV of the Complaint against the Defendant, SHINDONG INDUSTRIAL CO., LTD., states that:

1-17.    Plaintiff, JO ANN McADAMS, repeats and realleges Paragraphs Nos. 1 through 17 of Count II as Paragraph No. 1 through 17 of Count IV of her Complaint.

18.   As a proximate result of the foregoing, the Plaintiff, JO ANN McADAMS, who was dependent on JAMES McADAMS for companionship, lost the companionship of her husband, JAMES McADAMS.

WHEREFORE, the Plaintiff, JO ANN McADAMS, demands judgment in her favor and against the Defendant, SHINDONG INDUSTRIAL CO., LTD. in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for costs of suit.

By: /s/Erin M. Phillips
    Jane Unsell, #03124410
    Erin M. Phillips, #6289723
    Unsell, Schattnik & Phillips P.C.
    Attorney for Plaintiff
    3 South 6th Street
    Wood River, IL 62095
    (618) 258-1800
    erin.phillips7@gmail.com

## 기본정보

| 등기번호 | 보내는분/발송날짜 | 받는분/수신날짜 | 취급구분 | 배달결과 |
|---|---|---|---|---|
| 2060727631793 | 진*지원(인사) 2018.11.21 | 신*정업주식회사 2018.11.22 | | 배달완료 |

## 배송 진행상황

| 날짜 | 시간 | 발생국 | 취급구분 | 처리현황 |
|---|---|---|---|---|
| 2018.11.21 | 15:47 | 진주우체국 | | 접수 |
| 2018.11.21 | 18:18 | 진주우체국 | | 발송 |
| 2018.11.21 | 18:51 | 진주우편집중국 | | 도착 |
| 2018.11.22 | 06:28 | 진주우편집중국 | | 발송 |
| 2018.11.22 | 07:41 | 사천곤양우체국 | | 도착 |
| 2018.11.22 | 08:41 | 사천곤양우체국 | | 배달준비 집배원:박○○ 시 |
| 2018.11.22 | 13:40 | 사천곤양우체국 | | 배달완료 ( 배달 ) (수령인:박*경님 - 사무원-사무개원) |

## 배송문의

배송완료시간은 고객님이 실제 받으신 시각과 차이과 있을수 있습니다.

인터넷 배송 정보제공은 우편물 배달 여부를 고객에게 알려주는 것이 목적이며 신속히 알려주는 것과 차이가 있을수 있습니다.

문의하기 위해서는 배달증명 서비스를 이용하시기 바랍니다. 각종 이해관계의 증거자료로 사

조회서비스는 1건이 만의 우편물만 가능합니다.

자세한 사항은 우체국콜센터(1588-1300)로 문의하시기 바랍니다.