#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES MCADAMS, and <br> JO ANN MCADAMS, <br><br> Plaintiffs, <br><br> vs. <br><br><br> SHINDONG INDUSTRIAL CO. LTD., <br><br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br> Case No. 18-cv-02199-SMY-RJD <br><br> Removed from Jersey County, IL <br> (Case No. 18-L-20) <br><br> **JURY TRIAL DEMANDED** |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFFS' COMPLAINT

Comes now, Defendant, Shindong Industrial Co. Ltd. ("Defendant"), by and through its attorneys, and for its Answer and Affirmative Defenses to Plaintiffs' Complaint, states as follows:

### FACTS COMMON TO ALL COUNTS

1. Defendant admits Plaintiff is an Illinois resident and citizen. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 1.

2. Defendant admits Plaintiff is an Illinois resident and citizen. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 2.

3. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 3.

4. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 4.

5. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 5.

6. Defendant admits the allegations contained in Paragraph 6.

7. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 7.

8. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 8.

9. Defendant admits that it manufactures a Quick Attach Plate for Kioti tractors. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 9.

10. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 11.

12. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 12.

13. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 14.

15. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 15.

16. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 16. Defendant denies that Plaintiff was injured or damaged to the extent alleged.

## COUNT I

1-16. Defendant hereby incorporates by reference as if fully set forth herein, its answers to Paragraphs 1 through 16.

17. Defendant denies the allegations contained in Paragraph 17, and each sub-part thereof.

18. Defendant denies the allegations contained in Paragraph 18.

19. Defendant denies the allegations contained in Paragraph 19, and further denies that Plaintiff was injured or damaged to the extent alleged.

## COUNT II

1-16. Defendant hereby incorporates by reference as if fully set forth herein, its answers to Paragraphs 1 through 16.

15. Defendant denies the allegations contained in Paragraph 15.

16. Defendant denies the allegations contained in Paragraph 16, and each sub-part thereof.

17. Defendant denies the allegations contained in Paragraph 17, and further denies that Plaintiff was injured or damaged to the extent alleged.

## COUNT III

1-19. Defendant hereby incorporates by reference as if fully set forth herein, its answers to Paragraphs 1 through 19 of Count I.

20. Defendant denies the allegations contained in Paragraph 20.

## COUNT IV

1-17. Defendant hereby incorporates by reference as if fully set forth herein, its answers to Paragraphs 1 through 17 of Count II.

18. Defendant denies the allegations contained in Paragraph 18.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Having answered the allegations in the Complaint and having denied liability, Defendant further denies any allegations that have not been expressly admitted and asserts the following affirmative defenses. By asserting the matters set forth below, Defendant does not admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters.

## FIRST DEFENSE

Defendant preserves all defenses relating to personal jurisdiction and venue, including *forum non conveniens*.

## SECOND DEFENSE

The Complaint and each claim contained therein fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiffs' claims are barred by the assumption of the risks alleged in the Complaint.

## FOURTH DEFENSE

Plaintiffs may not recover from Defendant because the methods, standards, or techniques of designing, manufacturing, and labeling of the product at issue complied with and were in conformity with the generally recognized state of the art laws at the time the product were designed, manufactured, and labeled.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate any damages allegedly sustained.

**SIXTH DEFENSE**

Plaintiffs' injuries and damages, if any, are barred in whole or in part by the actions, omissions, and/or conduct of third parties over whom Defendant had no control or authority and, thus, any recovery should be reduced or barred by such parties' proportionate fault.

**SEVENTH DEFENSE**

Plaintiff's claims are barred and/or reduced by Plaintiff's contributory or comparative negligence and Plaintiff's contributory or comparative fault.

**EIGTH DEFENSE**

Should Defendant be held liable to Plaintiffs, which liability and personal jurisdiction are specifically denied, Defendant would be entitled to a set-off for all sums of money received or available from or on behalf of any tortfeasor(s) for the same injuries alleged in Plaintiffs' Complaint.

**NINTH DEFENSE**

Personal jurisdiction over Defendant is improper in this action.

**TENTH DEFENSE**

If it is determined that any product of Defendant's was substantially and materially changed in condition, misused or abused, or was used in any unintentional or unforeseeable manner, the claims against Defendant must be barred.

**DEFENSES RESERVED**

Defendant hereby gives notice that it intends to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter, and hereby reserves its right to amend its Answer and to assert any such defenses.

**JURY DEMAND**

Defendant requests a trial by jury on all issues so triable.

WHEREFORE, Defendant requests that Plaintiffs' Complaint, and all claims alleged therein, be dismissed with prejudice, that Defendant be awarded the costs associated herewith, and that Defendant be granted any other relief to which it may be entitled.

Dated: December 26, 2018

Respectfully submitted,

**HEPLERBROOM LLC**

By: /s/ Matthew B. Champlin
    Matthew B. Champlin, #6282642
    Kathryn L. Modeer, #6317303
    130 N. Main Street
    P.O. Box 510
    Edwardsville, IL 62025
    (618) 656-0184
    (618) 656-1364 - Facsimile
    mbc@heplerbroom.com
    km2@heplerbroom.com
    ***Attorneys for Defendant Shindong Industrial Co. Ltd.,***

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of December, 2018, a true and correct copy of the foregoing document was served upon the following via the Court's electronic notification system, via electronic mail, and/or U.S. mail:

Jane Unsell
Erin M. Phillips
Unsell, Schattnik & Phillips P.C.
3 South 6th St.
Wood River, IL 62095
618-258-1800
Erin.phillips7@gmail.com
*Attorneys for Plaintiff*

                                                /s/ Matthew B. Champlin