UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES MCADAMS and JO ANN MCADAMS,

Plaintiffs,

v.

SHINDONG INDUSTRIAL CO. LTD.,

Defendant.

Case No. 18-cv-2199-JPG-RJD

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion to remand filed by plaintiffs James McAdams and Jo Ann McAdams (Doc. 16). Defendant Shindong Industrial Co. Ltd. ("Shindong") has responded to the motion (Doc. 22).

On March 12, 2019, the Court ordered the plaintiffs to show cause why the Court should not deny their motion to remand in light of the decisions of the Supreme Court in *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976), and *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), and the decision of the Seventh Circuit Court of Appeals in *Ryan v. State Board of Elections of State of Illinois*, 661 F.2d 1130, 1133 (7th Cir. 1981), which limit the circumstances under which the Court may remand a case based on an abstention doctrine. The plaintiffs responded to the order to show cause (Doc. 29), and Shindong has replied to that response (Doc. 31).

**I.     Background**

This case arose after James McAdams ("McAdams") was injured on August 18, 2016, while working on a tractor owned by his employer Krause and Son, Inc., doing business as Prairie Land Power. McAdams, a sales manager, was preparing a Kioti tractor that had a front-end loader fitted with a quick attach plate. The quick attach plate was used to secure various

universal skid-steer attachments to the loader. The tractor McAdams was preparing had a grapple attachment attached to the front-end loader's hydraulic arms using the quick attach plate. McAdams noticed the grapple was not working properly, so he attempted to fix it by raising the front-end loader arms. When the hydraulic arms were fully extended, the grapple detached from the quick attach plate and fell on McAdams. He was severely injured.

In the Circuit Court for the Seventh Judicial Circuit, Jersey County, Illinois, the plaintiffs sued in separate products liability lawsuits a number of parties potentially responsible for McAdams's injuries. In December 2017, they sued in Case No. 2017-L-20 (1) Daedong-USA d/b/a Kioti Tractor Division, the seller of the tractor and a subsidiary of Daedong Industrial Co. Ltd. ("Daedong Industrial"), and (2) Worksaver Inc., the manufacturer of the grapple attachment.

In August 2018, McAdams first learned through discovery that Daedong Industrial, Daedong-USA's parent company, manufactured the tractor and that Shindong manufactured the loader and the quick attach plate. The plaintiffs then, on the proverbial eve of the expiration of the statute of limitations, filed two new suits in Jersey County, the first against (3) Shindong, Case No. 2018-L-20, and the second against (4) Daedong Industrial, Case No. 2018-L-21. Before Daedong Industrial and Shindong were served with process, the plaintiff asked the Jersey County court to consolidate all of the cases. The Jersey County court granted the motion as to discovery and reserved ruling on the motion as to trial. The plaintiffs subsequently served Daedong Industrial and Shindong in November 2018. Daedong Industrial removed its case to this Court as Case No. 18-cv-2194-JPG-RJD, and Shindong removed its case to this Court as this case, Case No. 18-cv-2199-SMY-RJD.[1]

---

[1] This case was subsequently reassigned to the undersigned judge and now bears case number 18-cv-2199-JPG-RJD.

The plaintiffs concede that this Court has removal jurisdiction over the Shindong case under 28 U.S.C. § 1441(a) based on original diversity jurisdiction under 28 U.S.C. § 1332(a)(2). However, they urge the Court to refrain from exercising that jurisdiction in light of the *Colorado River* abstention doctrine and to remand this case to the Jersey County court. They argue that Jersey County Case No. 2017-L 20 against Daedong-USA and Worksaver, already partly consolidated with this case prior to its removal, is a parallel action that would likely dispose of all claims present in this federal case. In response, Shindong contends *Colorado River* abstention is not available because this case is not parallel to Jersey County Case No. 2017-L 20, to which Shindong is not a party. It further argues the exceptional circumstances necessary to justify abstention do not exist.

In its order to show cause, the Court suggested that under Supreme Court and Seventh Circuit caselaw abstention is not a proper ground for removal in a case like this regardless of the factors otherwise relevant to the abstention inquiry. In their response to the order to show cause, the plaintiffs continue to argue that remand is appropriate based on the relevant *Colorado River* factors. Alternatively, they ask that, if the Court finds *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), is controlling, the Court allow them to withdraw their motion to remand. They do not make any substantive argument why *Quackenbush*, *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976), and *Ryan v. State Board of Elections of State of Illinois*, 661 F.2d 1130, 1133 (7th Cir. 1981), do not apply to prohibit remand of this case, thereby waiving any such argument. Shindong, on the other hand, contends that *Thermtron*, *Quackenbush* and *Ryan* prohibit remand of this case.

**II.    Analysis**

The Court begins by acknowledging federal courts' "virtually unflagging obligation . . .

3

to exercise the jurisdiction given them." *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976). It is an "undisputed constitutional principle that Congress, and not the Judiciary, defines the scope of federal jurisdiction within the constitutionally permissible bounds." *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 359 (1989). However, where exceptional circumstances exist, a federal court may decline to exercise jurisdiction where there are important countervailing interests. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). One such circumstance is where there is a parallel state court proceeding. The *Colorado River* abstention doctrine "allows courts to conserve judicial resources by abstaining from accepting jurisdiction when there is a parallel proceeding elsewhere." *Deb v. SIRVA, Inc.*, 832 F.3d 800, 814 (7th Cir. 2016).

Ordinarily, to determine whether application of the *Colorado River* doctrine is appropriate, the Court first must decide whether the federal and state actions are, in fact, parallel, that is, "whether substantially the same parties are contemporaneously litigating substantially the same issues in another forum," and whether "there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 646 (7th Cir. 2011) (internal quotations and citations omitted). If there is doubt about whether actions are parallel, the Court should not abstain under *Colorado River*. *Id.*

If the actions are parallel, the Court must then consider a host of factors to determine if "exceptional circumstances" exist to justify *Colorado River* abstention:

> (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived

nature of the federal claim.

*Id.* at 647-48 (internal quotations omitted). No single factor is determinative, and because of the presumption against abstention, neutral factors weigh against it. *Id.* at 648.

It certainly seems to the Court that all of the claims against the parties potentially liable for McAdams's injuries should be tried in the same forum for some of the considerations at the root of the *Colorado River* doctrine. However, the plaintiffs run into one insurmountable roadblock in their effort to achieve a single forum—this Court cannot remand a properly removed action for money damages based on an abstention doctrine.

In *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 342 (1976), the Supreme Court held that if a case meets the criteria for removal under 28 U.S.C. § 1441(a), a defendant may remove it to federal court so long as it follows the proper procedure. If a case is properly removed, a Court may not remand it based on a discretionary reason not set forth by the controlling statute. *Thermtron*, 423 U.S. at 344, 345 n. 9 (no authority in 28 U.S.C. § 1447(c) to remand case seeking damages based on crowded federal docket); *see Ryan v. State Bd. of Elections of State of Ill.*, 661 F.2d 1130, 1133 (7th Cir. 1981); *see also Rothner v. City of Chi.*, 879 F.2d 1402, 1410 (7th Cir. 1989) (citing *Elrad v. United Life & Acc. Ins. Co.,* 624 F. Supp. 742, 743-44 (N.D. Ill. 1985)). The *Thermtron* Court found no reason to believe that "Congress ever intended to extend carte blanche authority to the district courts to revise the federal statutes governing removal by remanding cases on grounds that seem justifiable to them but which are not recognized by the controlling statute." *Thermtron*, 423 U.S. at 351.

The Supreme Court noted an exception to the *Thermtron* rule in *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996). That case held a federal court may remand a case based on abstention if the case seeks equitable or otherwise discretionary relief, but not if it seeks non-

5

discretionary money damages:

> [I]n cases *where the relief being sought is equitable in nature or otherwise discretionary*, federal courts not only have the power to stay the action based on abstention principles, but can also, in otherwise appropriate circumstances, *decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court*. By contrast, while we have held that federal courts may stay actions for damages based on abstention principles, *we have not held that those principles support the outright dismissal or remand of damages actions*.

*Id.* at 721 (emphasis added). This is because abstention doctrines are rooted in a federal court's discretion to grant or decline relief where overriding state interests, comity or federalism may be impacted. *Id.* at 717-18. The *Quackenbush* Court concluded that the district court's remand order based on abstention was unwarranted because the action was for damages, not equitable or otherwise discretionary relief. *Id.* at 731.

This action by the McAdamses is an action for money damages, not equitable or otherwise discretionary relief. Therefore, the *Quackenbush* exception to the *Thermtron* rule does not apply, and under the *Thermtron* rule, there is no basis for remand. Under *Thermtron*, the only acceptable basis for remand is 28 U.S.C. § 1447(c), which provides for remand where there is a lack of subject matter jurisdiction or where there are "defects other than lack of jurisdiction." Defects other than lack of jurisdiction are procedural defects in the removal process such as, for example, untimeliness, lack of joinder by all served defendants, or removal by a forum defendant, but do not include the discretionary decision to abstain from hearing a case. The plaintiffs point to no subject matter jurisdictional problem—and the Court detects none on its own—or defect in the removal procedure. Since there is no suggestion of a legitimate basis under 28 U.S.C. § 1447(c) for remand in this case, the Court must deny the

plaintiffs' motion to remand.[2]

To the extent the plaintiffs' motion could be construed as a motion to stay this litigation under *Colorado River* pending the outcome of the related state court proceeding, Case No. 2017-L-20, a stay is not warranted. The first requirement for *Colorado River* abstention is a parallel state court proceeding, but there is no parallel proceeding here.

To be parallel, the state and federal actions must involve substantially the same parties, and the state case must be likely to dispose of all the claims in the federal case. *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 646 (7th Cir. 2011). Here, however, the state action involves the McAdamses, Daedong-USA, and Worksaver, but this action involves the McAdamses and Shindong, which appears to be a completely separate party not at all present in the state action. The fact that the plaintiffs sued Shindong separately in this action supports the notion that complete relief *cannot* be obtained in the state court action for any defects in the products at issue.

For this simple reason, the *Colorado River* abstention doctrine does not justify staying this action pending the outcome of Jersey County Case No. 2017-L-20.[3] Had the McAdamses added Shindong as a defendant in their original state court action, the result might have been different, but they did not. Instead, they filed a separate action for money damages which Shindong properly removed to this Court.

---

[2] The plaintiffs suggest that the Court should allow them to withdraw their motion to remand if the Court finds it does not have merit. Litigation does not work that way. Litigants cannot wait until the verge of an imminent adverse decision, then withdraw the motion that sparked that decision. If the plaintiffs wanted to withdraw their motion, they should have so moved. If they did not, they must live with the consequences of an adverse decision.

[3] To the extent the plaintiffs may imply that the Jersey County case against Shindong, Case No. 2018-L-20, is parallel to this case, they are wrong. That case *is* this case, only it is now exclusively in federal court because of its removal.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** the plaintiffs' motion to remand (Doc. 16).

**IT IS SO ORDERED.**
**DATED:   April 30, 2019**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
